Judge Underwood,
delivered the opinion of the court.
Buford filed his bill against the administrator with the will annexed, of William McDowell and h.'s surviving devisees, and the representatives of such of his devisees as were dead, suggesting that the administrator had exhausted the assets, and praying for a decree against the defendants for $500, and interest thereon, which he had loaned to the testator in his life time. The defendants put the complainant upon proof of the allegations of his bill, and relied on the statute of limitations as a bar. It appears, that Buford and the testator were bro'.hers-in-la«, and that they met in the road near Muldrow’s hill, in Washington county, when Buford lent to McDowell in the. presence of witnesses, $500~without taking any note therefor, or in any wise reducing their contract to writing. This suit was instituted more than five years after the loan. The circuit court decreed in favor of the complainant. The assignment of errors questions the jurisdiction of the court, and the correctness of the decree, even if the court had jurisdiction.
It appears from the will of McDowell, that his debts were charged upon the estate devised to his son, William S. McDowell, who had also departed this life. It also appears, that part of the devisees of William McDowell were non-residents. The estate devised to W. S. McDowell, having Leen charged with the payment of debts, that estate was a trust fund, and might be regarded as equitable assets, liable to be reached *33 by proceedings in a court of chancery. See Monroes executor and heirs vs. Wilson, VI Monroe, 125. The objection to .the jurisdiction of the court is unavailing.
Wickliffe and Wooley, for plaintiffs; Haggin, for defendant.
The defence furnished by the statute of limitatations is untenable. We are of opinion, that the evidence establishes, “an express acknowledgment of the debt, as a debt due at the time of its acknowledgment, coupled with the original considerationsee Harrison vs. Handley, I Bibb, 445, and Bell vs. Rowland’s administrator, Hardin, 303.
We perceive no error in the form of the decree 'of which the plaintiffs in error have a right to'complain»
Wherefore, the decree is affirmed with costs aud ■damages.
Note. Chief Justice Robetson did not sit in this cas*